ORIGINAL

**Marc K. Sellers, OSB #79107**
E-mail: msellers@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
Of Attorneys for Plaintiffs

FILED
APR 14 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**XIANLI ZHANG, CHUMHONG CAO, MIN GAO, GUIMIN LU, and VORAPUL WILAILUK**, for themselves and on behalf of a class or classes of persons similarly situated,

Plaintiffs,

vs.

**UNITED STATES OF AMERICA**,

Defendant.

No. 08-269 T

COMPLAINT: for Declaratory Judgment and Refund of Erroneously Paid Social Security Taxes Pursuant to 26 USC §7422; Wrongful Assessment of Social Security Taxes Pursuant to the Tucker Act, 28 USC §1491; Certification of One or More Classes of Persons Similarly Situated as Plaintiffs for Each of Said Claims

Plaintiffs allege:

**NATURE OF THE ACTION AND JURISDICTION**

1. This suit is brought against the United States under the laws of the Internal Revenue Code (Title 26) and the Tucker Act (28 USC §1490 et seq.) to recover wrongfully assessed Social Security taxes that were erroneously withheld from Plaintiffs' wages and paid to the United States.

2. Plaintiffs are citizens of the Peoples Republic of China who have never been in or admitted to the United States. Plaintiffs were lawfully admitted as temporary, foreign contract workers into the Commonwealth of the Northern Mariana Islands ("CNMI") and



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.2

worked for employers in the CNMI during all or representative parts of the calendar years 2001 through 2007.

3. Plaintiffs seek the return (together with interest, attorney fees and court costs provided to them by law) of wrongfully assessed and erroneously paid Federal Insurance Contribution Act and Medicare payments (collectively "FICA Taxes") on wages earned by Plaintiffs in the CNMI.

4. Plaintiffs bring this action individually, for themselves, and on behalf of one or more classes of persons similarly situated who, like Plaintiffs, are citizens of foreign countries who were lawfully admitted as foreign, temporary contract workers into the CNMI and, while working there, were wrongfully assessed and erroneously paid FICA Taxes that were deducted from Plaintiffs' wages and paid to the United States.

5. Jurisdiction over Plaintiffs' tax refund claims is conferred by 28 USC §1331 and 1346(1). Jurisdiction over Plaintiffs' Tucker Act claims is conferred by 28 USC § 1331 and 1491(a)(1). Jurisdiction over Plaintiffs' claims insofar as they arise under the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (the "Covenant") is conferred by Section 903 of the Covenant, 48 USC § 1801. The United States is subject to suit in this court.

## PLAINTIFFS

6. Xianli Zhang ("Zhang") is a citizen of the Peoples Republic of China ("NRC") and presently resides in China. Zhang was lawfully admitted to the CNMI as a foreign, temporary contract worker and worked for employers in the CNMI during all or parts of 2001 through 2007. While employed in the CNMI, FICA taxes were withheld from her wages and paid to the United States in at least calendar years 2004 through 2007. On or before April 15, 2007, Zhang filed an administrative claim for refund with the Department of the Treasury, Internal Revenue Service ("the Service"), requesting the refund of wrongfully assessed and



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

withheld FICA taxes for calendar years 2004, 2005 and 2006. At all times, Zhang had no tax payment or reporting obligation in or to the Defendant in any respect.

7. Plaintiff Chumhong Cao ("Cao") is a citizen of the Peoples Republic of China ("NRC") and presently resides in China. Cao re-alleges and incorporates by reference the corresponding allegations of paragraph 6 as equally applicable to Plaintiff Zhang.

8. Plaintiff Min Gao ("Gao") is a citizen of the Peoples Republic of China ("NRC") and presently resides in China. Guo re-alleges and incorporates by reference the allegations of paragraph 6 as equally applicable to Plaintiff Zhang.

9. Plaintiff Guimin Lu ("Lu") is a citizen of the Peoples Republic of China ("NRC") and presently resides in China. Gao re-alleges and incorporates by reference the allegations of paragraph 6 as equally applicable to Plaintiff Zhang.

10. Vorapol Wilailuk ("Wilailuk") is a citizen of Thailand and a non-resident of the CNMI at the time of filing this Complaint. Wilailuk re-alleges and incorporates by reference the allegations of paragraph 6 as equally applicable to Plaintiff Zhang.

11. As used herein, the term "FICA Employers" means and includes: Hyunjin (Saipan) Corporation; U.S. CNMI; THDC/Hong Kong Entertainment; RIFU Appeal; Marianas Garment Manufacturing, Inc.; Top Fashion Corporation; Michigan, Inc.; American Pacific Textiles, Inc.; Hansae Saipan, Inc.; Handsome Textiles (Saipan) Corporation, and Neo Fashion, Inc.

## CLASS ALLEGATIONS

12. Plaintiffs bring this action on behalf of at least two classes: an Administrative Refund Class ("Refund Class") and a Tucker Act Class. Plaintiff Wilailuk does not seek to be a representative of the Refund Class and does not allege that she is a member of that class.

13. The Refund Class includes and is defined as: (A) citizens of a foreign country (other than the US) who were admitted into the CNMI as temporary, foreign contract workers; (B) who, while working in the CNMI during all or any part of calendar years 2004 through



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

2007, had FICA taxes withheld from their wages and paid to the United States by one or more of the "FICA Employers," or by an employer who has declined to co-operate with the employee's efforts to obtain a refund of these taxes; and (C) who filed an administrative claim for refund of the withheld FICA taxes, which claim was either denied or was not acted upon by the Service within six months of filing. Foreign, temporary contract workers admitted into the CNMI to perform labor may not without more apply or be considered for citizenship or permanent residence in the CNMI. The Refund Class consists of not less than 750 members represented by the undersigned counsel. Undersigned counsel also represents more than 3,000 putative class members who have filed administrative claims for refund and are awaiting formal denial by the Service or the passage of six months before they will qualify as members of the class.

14. The Tucker Act Class includes and is defined as: (A) citizens of a foreign country (other than the United States) who were admitted into the CNMI as foreign, temporary contract workers; (B) who worked in the CNMI for one or more of the FICA Employers during all or any part of calendar years 2001 through 2007 or for an employer who has refused to co-operate in the employee's efforts to recover such taxes; and (C) who, while working in the CNMI as a temporary foreign contract worker, had FICA taxes erroneously deducted or wrongfully assessed from their wages and paid to the United States.

*(RULE 23(a) Class Characteristics)*

15. All of the prerequisites to a class action are met in this case:

(a)(1) The proposed classes are numerous. The Refund Class at the time of certification will exceed 3,000 members. The Tucker Act Class exceeds 5,000 members. All of the class members' claims, ranging from $500 to $5,000, are so small that individual adjudication is not cost-effective in federal court against the United States. For more than one year the Defendant has refused to refund wrongfully assessed or



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

erroneously-paid FICA taxes or to respond with legal authority or a basis for assessing, receiving, or retaining such taxes.

(a)(2) The controlling issue of law — whether foreign, temporary contract workers in the CNMI are subject wage withholding for or payment of FICA Taxes – is common to all class members. A class member's status, employment history, and the fact and amount of payment of FICA taxes are documented, readily confirmed, and already in the possession of the Service. None of the class members at any material time had a tax payment or reporting obligation to the Defendant; as a result, a refund of FICA taxes to the class member will have no effect on any other tax owed to the Defendant or any other sum owed by the Defendant to the class member.

(a)(3) The claims of the named Plaintiffs are identical to the claims of the putative class members.

(a)(3) The named Plaintiffs and their counsel will adequately represent the class members. Plaintiffs' counsel are uniquely situated to represent the class, having first identified the wrongful assessment and erroneous payments and having brought the only known claims on behalf of multiple employers and thousands of putative class members before the Service.

*(RULE 23(b) ALLEGATIONS)*

16. The Refund Class and the Tucker Act class meet the requirements for class certification under FRCP 23(b)(1)(A) and (B), 23(b)(2), and 23(b)(3)(A).

17. Prosecuting separate actions by individual class members, including the 3,000 class members represented by counsel for the Plaintiffs, will create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. As a practical matter, individual adjudications would be dispositive of the interests of nonparticipating putative class members and would impede and increase the cost to them to protect their interests. The Plaintiffs' and the putative class members' claims for refund,



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

considered individually, are too small to enable Plaintiffs or the members to enforce their rights in U.S. courts.

18. The Defendant has refused to act on grounds that apply generally to both classes. Despite demands by putative class members and the Plaintiffs, as well as one or more of the FICA Employers, the Defendant has refused to refund wrongfully assessed or erroneously paid FICA Taxes, has refused to respond to Plaintiffs' administrative claims for refund, has refused to respond to Plaintiffs' and putative class members' counsel's requests for the Defendant's legal position or any basis or authority supporting the illegal assessments, and has used the Defendant's superior economic leverage to defeat the class members' rights. For at least these reasons, class-wide declaratory relief is appropriate.

19. For all practical purposes, all issues of law and fact necessary to determine the Plaintiffs' and the putative class members' entitlement are common to all class members. Damages — the calculation of the amount of wrongfully-assessed or erroneously paid FICA taxes, interest thereon, and the Defendant's responsibility for fees and costs — are readily determined from tax records in the possession of the Defendant and readily available to the putative class member and the FICA Employers. A class action is the only economically viable method for fairly and efficiently adjudicating the controversy.

**FIRST CLAIM FOR RELIEF**

*(Refund of Wrongfully Assessed or Erroneously Paid FICA Taxes)*

20. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 19.

21. Plaintiffs, and each of them, worked in the CNMI for one or more of the FICA employers during calendar tax years 2003, 2004, 2005, and 2006 and were paid wages for their services.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

22. During one or more of said tax years, Plaintiffs, and each of them, had FICA Taxes withheld from their wages and paid by their respective employers to Defendant, through its Internal Revenue Service, in the amounts set forth below:

| Individual Plaintiff | Tax Years | FICA Taxes Paid |
|---|---|---|
| Xianli Zhang | 2003-2005 | $2,2675.64 |
| Chumhong Cao | 2004-2006 | $2,785.83 |
| Min Gao | 2005 | $525.77 |
| Guimin Lu | 2003-06 | $4,318.42 |
| Vorapol Wilailuk | 2003-2006 | $3,194.86 |

23. The assessment and collection by Defendant of FICA taxes from the Plaintiffs, and each of them, during each of tax years 2003, 2004, 2005, and 2006, was erroneous and illegal.

24. On or before April 17, 2007, Plaintiffs, and each of them except Wilailuk, filed with the Internal Revenue Service Center in Philadelphia, PA, administrative Claims for Refund of all FICA taxes paid by them, in the respective sums set forth above, together with interest thereon as provided by law.

25. The grounds for recovery alleged here are the same as the grounds for recovery contained in these Plaintiffs' respective Claims for Refund that were submitted to the Service in 2007.

26. More than six months have elapsed since the filings of said Claims for Refund, and none of said Claims have been allowed or disallowed by the Service.

27. Plaintiffs (except Wilailuk) are authorized to bring this suit pursuant to 26 USC § 7422.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

28. Plaintiffs (excluding Wilailuk, for this claim) are entitled to recover the FICA taxes wrongfully assessed and withheld from their wages and paid to the Defendant in the amounts set forth above. Plaintiffs are entitled to recover interest thereon and their attorneys' fees, litigation expenses, and court costs as provided by law.

29. Plaintiffs (excluding Wilailuk, for this claim) are further entitled to a judgment and decree declaring that Federal Insurance Contribution Act and Medicare payments are not owed by or properly assessed against the wages of foreign, temporary contract workers who were admitted to the CNMI and performed work there during all or any part of calendar years 2001 through 2007.

**SECOND CLAIM FOR RELIEF**

*(Tucker Act Claims)*

30. Plaintiffs (including Wilailuk) re-allege and incorporate by reference the allegations of paragraphs 1 through 19, 21 and 22. One or more of the Plaintiffs also worked in the CNMI for FICA Employers in 2001 and 2002, during which period FICA Taxes were wrongfully withheld from said Plaintiffs' wages and remitted to the Defendant.

31. The relationship of the Defendant and the CNMI is governed by the "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of American ("the Covenant"). The Covenant was approved by the United States Congress in P.L. 94-241, 90 Stat. 263 (1976), codified at 48 USC 1801. As amended by P.L. 98-213 prior to the effective date of Article 6 of the Covenant, Covenant sections 606(a) and 606(b) affirmatively exclude foreign, temporary contract workers who were not admitted to the CNMI for any purpose entitling them to permanent residence or citizenship from any benefit or burden under the social security laws of the United States, including the payment or withholding of FICA Taxes. This exclusion from both the benefits and the burdens of the U.S. social security laws is confirmed by Presidential Proclamation 5207 in 1984 and by other applicable laws.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

32. Plaintiffs, and each of them, were lawfully admitted into the CNMI as foreign, temporary contract workers and had FICA taxes wrongfully assessed and erroneously deducted from their wages and paid to the United States during one or more of calendar years 2001 through 2007. The assessment, deduction, and payment of these FICA Taxes is affirmatively prohibited by at least Covenant §606(b), as amended by P.L. 98-213.

33. Plaintiffs are entitled to recover, for themselves and for the Tucker Act Class members, the FICA Taxes withheld from their wages and paid to the United States, together with interest thereon at the applicable legal rates, and their attorney's fees and court costs as provided by law. Plaintiffs are further entitled to a judgment and decree declaring that foreign, temporary contract workers wages in the CNMI are not subject to the social security laws of the United States.

WHEREFORE, Plaintiffs pray for a judgment, decree and awards as follows:

(a) Certifying the Refund Class pursuant to FRCP 23(b)(1)(A), (B) and 23(b)(2);

(b) Certifying the Tucker Act Class pursuant to FRCP 23(b)(1) (A), (B) and 23(b)(2);

(c) Granting judgment for each of the Plaintiffs in the amount of the FICA taxes withheld from their wages and paid to the Defendant during any calendar years between 2001 and 2007, together with prejudgment interest thereon at the statutory rates from the dates such taxes were paid to the Defendant, and attorney's fees, litigation expenses, and court costs as provided by law;

(d) Awarding the members of the FICA Refund Class and the Tucker Act Class judgments on each of their respective claims in the amount of the FICA Taxes wrongfully withheld from them, prejudgment interest thereon from the date of payment to the United States, and attorney's fees, litigation expenses and court costs as provided by law;



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

(e) Declaring and adjudging that foreign, temporary contract workers lawfully admitted into the CNMI to perform work are not subject to and may not be assessed or have withheld, directly or indirectly FICA Taxes on wages earned in the CNMI; and

(f) Awarding such other legal and equitable relief as may be appropriate to compensate the class members and assure the effectuation of appropriate class relief.

DATED: April 13, 2008.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: ______________________

Marc K. Sellers, OSB #79107
(503) 222-9981
Fax (503) 796-2900



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981