**Marc K. Sellers, OSB #79107**
E-mail: msellers@schwabe.com
**David W. Axelrod, OSB # 750231**
E-mail: daxelrod@schwabe.com
**Connie C. Kong, OSB # 076784**
E-mail: ckong@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
      Of Attorneys for Plaintiffs

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **XIANLI ZHANG**, **GUIMIN LU, BAO HUA HE, BAOWEI DING and JILIN HU**, for themselves and on behalf of a class or classes of persons similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>**UNITED STATES OF AMERICA**,<br><br>        Defendant. | No.  08-269 T<br>(Judge Christine O.C. Miller)<br><br>**SECOND AMENDED COMPLAINT**:  for Declaratory Judgment and Refund of Erroneously Paid Social Security Taxes Pursuant to 26 USC §7422; Certification of One or More Classes of Persons Similarly Situated as Plaintiffs for Each of Said Claims |

Plaintiffs allege:

### NATURE OF THE ACTION, PARTIES AND JURISDICTION

     1.     Plaintiffs are citizens of foreign countries who were lawfully admitted as foreign, temporary contract workers into the Commonwealth of the Northern Mariana Islands, ("CNMI") during part or all of the years 2003 through 2007, inclusive.

     2.     Defendant is the United States of America.

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.1**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

3. This suit is brought against the Defendant under the laws of the Internal Revenue Code (Title 26 USC) to recover wrongfully assessed Social Security and Medicare (FICA) taxes that were erroneously paid by Plaintiffs to the United States.

4. Jurisdiction over Plaintiffs' tax refund claims is conferred by 28 USC § 1346(a)(1).

5. The relationship of the Defendant and the Commonwealth of the Northern Mariana Islands (CNMI) is governed by the "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("the Covenant"). The Covenant was approved by the United States Congress in P.L. 94-241, 90 Stat. 263 (1976), codified at 48 USC 1801.

6. At all relevant times, the CNMI is and was not part of the "United States" under 26 USC § 3121, 48 USC § 1801 Sec 503(A); 8 USC § 1101(38) and Plaintiff is neither required nor permitted to pay FICA taxes on wages earned by Employees. As amended by P.L. 98-213 prior to the effective date of Article 6 of the Covenant, Covenant sections 606(a) and 606(b) affirmatively exclude foreign, temporary contract workers who were not admitted to the CNMI for any purpose entitling them to permanent residence or citizenship from any benefit or burden under the social security laws of the United States, including the payment or withholding of FICA taxes. This exclusion from both the benefits and the burdens of the U.S. social security laws was confirmed by Presidential Proclamation 5207 in 1984 and by other applicable laws.

7. Jurisdiction over Plaintiffs' claims insofar as they arise under the Covenant is conferred by Section 903 of the Covenant, 48 USC § 1801.

8. Plaintiffs are authorized to bring this suit pursuant to 26 USC § 7422.

9. As used in this Complaint, "foreign" means not a citizen, resident, or person authorized to work in the United States, and "Employee" or "Employees" means foreign, temporary contract employees lawfully admitted into the CNMI to perform work there.

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.2**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

10. Plaintiffs bring this action individually, for themselves, and on behalf of one or more classes of persons similarly situated who, like Plaintiffs, are citizens of foreign countries who were lawfully admitted as foreign, temporary contract workers into the CNMI and, while working there, were wrongfully assessed and erroneously paid FICA Taxes that were deducted from Plaintiffs' wages and paid to the United States.

11. Plaintiffs seek the return (together with interest, attorney fees and court costs provided to them by law) of wrongfully assessed and erroneously paid Federal Insurance Contribution Act and Medicare payments (collectively "FICA taxes") on wages earned by Plaintiffs in the CNMI.

## PLAINTIFFS

<u>Plaintiff Xianli Zhang</u>

12. Plaintiff Xianli Zhang ("Zhang") is a citizen of the Peoples Republic of China and presently resides in China. Zhang's Social Security number is ▮▮▮▮▮▮▮▮▮

13. Zhang was lawfully admitted to the CNMI as a foreign, temporary contract worker and worked for employers in the CNMI during all or parts of 2003 through 2007. While employed in the CNMI, FICA taxes were withheld from Zhang's wages and paid to the United States in at least calendar years 2003, 2004, and 2005.

14. At all relevant times, Zhang's employment was outside immigration or tax jurisdictions of the Defendant. 48 USC § 1801 Sec 503(A); 8 USC § 1101(38). Employees are affirmatively excluded from the assessment, deduction and payment of FICA taxes or benefits by Covenant §606(b), as amended by P.L. 98-213.

15. At all times, Zhang had no FICA or income tax payment or reporting obligation in or to the Defendant in any respect.

16. On or before April 15, 2007, Zhang filed administrative Claims for Refund with the Department of the Treasury, Internal Revenue Service ("the Service"), requesting the refund of wrongfully assessed and withheld FICA taxes for calendar years 2004, 2005 and 2006.

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.3**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

Copies of Zhang's Claims for Refund for the tax years 2004, 2005 and 2006, as filed with the Internal Revenue Service, are appended hereto as Exhibit 1.

17. More than six months have elapsed since Zhang's Claims were filed, and said Claims have been neither allowed nor disallowed by the Internal Revenue Service.

Plaintiff Guimin Lu

18. Plaintiff Guimin Lu ("Lu") is a citizen of the Peoples Republic of China and presently resides in China. Lu's Social Security number is ███████.

19. Lu was lawfully admitted to the CNMI as a foreign, temporary contract worker and worked for employers in the CNMI during all or parts of 2003 through 2007. While employed in the CNMI, FICA taxes were withheld from Lu's wages and paid to the United States in at least the years 2003, 2004, 2005 and 2006.

20. At all relevant times, Lu's employment was outside immigration or tax jurisdictions of the Defendant. 48 USC § 1801 Sec 503(A); 8 USC § 1101(38). Employees are affirmatively excluded from the assessment, deduction and payment of FICA taxes or benefits by Covenant §606(b), as amended by P.L. 98-213.

21. At all times, Lu had no FICA or income tax payment or reporting obligation in or to the Defendant in any respect.

22. On or before April 15, 2007, Lu filed administrative Claims for Refund with the Department of the Treasury, Internal Revenue Service ("the Service"), requesting the refund of wrongfully assessed and withheld FICA taxes for calendar years 2003, 2004, 2005 and 2006. Copies of Lu's Claims for Refund for the tax years 2003 2004, 2005 and 2006, as filed with the Internal Revenue Service, are appended hereto as Exhibit 2.

23. More than six months have elapsed since Lu's Claims were filed, and said Claims have been neither allowed nor disallowed by the Internal Revenue Service.

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.4**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

Plaintiff Bao Hua He

24.     Plaintiff Bao Hua He ("He") is a citizen of the Peoples Republic of China and presently resides in China.  He's Social Security number is ███████.

25.     He was lawfully admitted to the CNMI as a foreign, temporary contract worker and worked for employers in the CNMI during all or parts of 2003 through 2007.  While employed in the CNMI, FICA taxes were withheld from He's wages and paid to the United States in at least calendar years 2003, 2004 and 2005.

26.     At all relevant times, He's employment was outside immigration or tax jurisdictions of the Defendant.  48 USC § 1801 Sec 503(A); 8 USC § 1101(38).  Employees are affirmatively excluded from the assessment, deduction and payment of FICA taxes or benefits by Covenant §606(b), as amended by P.L. 98-213.

27.     At all times, He had no FICA or income tax payment or reporting obligation in or to the Defendant in any respect.

28.     On or before April 15, 2007, He filed administrative Claims for Refund with the Department of the Treasury, Internal Revenue Service ("the Service"), requesting the refund of wrongfully assessed and withheld FICA taxes for the years 2003, 2004 and 2005.  Copies of He's Claims for Refund for the tax years 2003, 2004 and 2005, as filed with the Internal Revenue Service, are appended hereto as Exhibit 3.

29.     More than six months have elapsed since the He's Claims were filed, and said Claims have been neither allowed nor disallowed by the Internal Revenue Service.

Plaintiff Baowei Ding

30.     Plaintiff Baowei Ding ("Ding") is a citizen of the Peoples Republic of China and presently resides in China.  Ding's Social Security number is ███████.

31.     Ding was lawfully admitted to the CNMI as a foreign, temporary contract worker and worked for employers in the CNMI during all or parts of 2003 through 2007.  While

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.5**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

employed in the CNMI, FICA taxes were withheld from Ding's wages and paid to the United States in at least calendar years 2005 and 2006.

32. At all relevant times, Ding's employment was outside immigration or tax jurisdictions of the Defendant.  48 USC § 1801 Sec 503(A); 8 USC § 1101(38).  Employees are affirmatively excluded from the assessment, deduction and payment of FICA taxes or benefits by Covenant §606(b), as amended by P.L. 98-213.

33. At all times, Ding had no FICA or income tax payment or reporting obligation in or to the Defendant in any respect.

34. On or before April 15, 2007, Ding filed administrative Claims for Refund with the Department of the Treasury, Internal Revenue Service ("the Service"), requesting the refund of wrongfully assessed and withheld FICA taxes for calendar years 2005 and 2006.  Copies of Ding's Claims for Refund for the tax years 2005 and 2006 are appended hereto as Exhibit 4.

35. More than six months have elapsed since the Ding's Claims were filed, and said Claims have been neither allowed nor disallowed by the Internal Revenue Service.

<u>Plaintiff Jilin Hu</u>

36. Plaintiff Jilin Hu ("Hu") is a citizen or China and a non-resident of the CNMI at the time of filing this Complaint.  Hu's Social Security number is ███████.

37. Hu was lawfully admitted to the CNMI as a foreign, temporary contract worker and worked for employers in the CNMI during all or parts of 2003 through 2007.  While employed in the CNMI, FICA taxes were withheld from Hu's wages and paid to the United States in at least calendar year 2006.

38. At all relevant times, Hu's employment was outside immigration or tax jurisdictions of the Defendant.  48 USC § 1801 Sec 503(A); 8 USC § 1101(38).  Employees are affirmatively excluded from the assessment, deduction and payment of FICA taxes or benefits by Covenant §606(b), as amended by P.L. 98-213.

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.6**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

39. At all times, Hu had no FICA or income tax payment or reporting obligation in or to the Defendant in any respect.

40. On or before April 15, 2007, Hu filed an administrative claim for refund with the Department of the Treasury, Internal Revenue Service ("the Service"), requesting the refund of wrongfully assessed and withheld FICA taxes for the year 2006. A copy of Hu's Claim for Refund for the tax years 2006 is appended hereto as Exhibit 5.

41. More than six months have elapsed since the Hu's Claims were filed, and said Claims have been neither allowed nor disallowed by the Internal Revenue Service.

## CLASS ALLEGATIONS

42. As used herein, the term "FICA Employers" means and includes: Hyunjin (Saipan) Corporation; U.S.-CNMI; THDC/Hong Kong Entertainment (Overseas) Investment Ltd; RIFU Apparel Corporation; Marianas Garment Manufacturing, Inc.; Top Fashion Corporation; Michigan, Inc.; American Pacific Textiles, Inc.; Hansae Saipan, Inc.; Handsome Textiles (Saipan) Corporation; and Neo Fashion, Inc.

43. Plaintiffs bring this action on behalf of an Administrative Refund Class ("Refund Class")

44. The Refund Class includes and is defined as: (A) citizens of a foreign country (other than the US) who were admitted into the CNMI as temporary, foreign contract workers; (B) who, while working in the CNMI during all or any part of calendar years 2004 through 2007, had FICA taxes withheld from their wages and paid to the United States by one or more of the FICA Employers, or by an employer who has declined to co-operate with the employee's efforts to obtain a refund of these taxes; and (C) who filed an administrative claim for refund of the withheld FICA taxes, which claim was either denied or was not acted upon by the Service within six months of filing. Foreign, temporary contract workers admitted into the CNMI to perform labor may not without more apply or be considered for citizenship or permanent residence in the CNMI. The Refund Class consists of not less than 750 members represented by the undersigned

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.7**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

counsel. Undersigned counsel also represents more than 3,000 putative class members who have filed administrative claims for refund and are awaiting formal denial by the Service or the passage of six months before they will qualify as members of the class.

<u>RULE 23(a) Class Characteristics</u>

45.     All of the prerequisites to a class action are met in this case:

(a)(1)  The proposed classes are numerous. The Refund Class at the time of certification will exceed 3,000 members. All of the class members' claims, ranging from $500 to $5,000, are so small that individual adjudication is not cost-effective in federal court against the United States. For more than one year the Defendant has refused to refund wrongfully assessed or erroneously-paid FICA taxes or to respond with legal authority or a basis for assessing, receiving, or retaining such taxes.

(a)(2)  The controlling issue of law—whether foreign, temporary contract workers in the CNMI are subject wage withholding for or payment of FICA Taxes—is common to all class members. A class member's status, employment history, and the fact and amount of payment of FICA taxes are documented, readily confirmed, and already in the possession of the Defendant. None of the class members at any material time had a tax payment or reporting obligation to the Defendant; as a result, a refund of FICA taxes to the class member will have no effect on any other tax owed to the Defendant or any other sum owed by the Defendant to the class member.

(a)(3)  The claims of the named Plaintiffs are identical to the claims of the putative class members.

(a)(4)  The named Plaintiffs and their counsel will adequately represent the class members. Plaintiffs' counsel are uniquely situated to represent the class, having first identified the wrongful assessment and erroneous payments and having brought the only known claims on behalf of multiple employers and thousands of putative class members before the Service.

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.8**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

RULE 23(b) Class Allegations

46. The Refund Class meets the requirements for class certification under FRCP 23(b)(1)(A) and (B), 23(b)(2), and 23(b)(3)(A).

47. Prosecuting separate actions by individual class members, including the 3,000 class members represented by counsel for the Plaintiffs, will create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. As a practical matter, individual adjudications would be dispositive of the interests of nonparticipating putative class members and would impede and increase the cost to them to protect their interests. The Plaintiffs' and the putative class members' claims for refund, considered individually, are too small to enable Plaintiffs or the members to enforce their rights in U.S. courts.

48. The Defendant has refused to act on grounds that apply generally to both Plaintiffs and the putative class. Despite demands by putative class members and the Plaintiffs, as well as one or more of the FICA Employers, the Defendant has refused to refund wrongfully assessed or erroneously paid FICA Taxes, has refused to respond to Plaintiffs' administrative claims for refund, has refused to respond to Plaintiffs' and putative class members' counsel's requests for the Defendant's legal position or any basis or authority supporting the illegal assessments, and has used the Defendant's superior economic leverage to defeat the class members' rights. For at least these reasons, class-wide declaratory relief is appropriate.

49. For all practical purposes, all issues of law and fact necessary to determine the Plaintiffs' and the putative class members' entitlement are common to all class members. Damages—the calculation of the amount of wrongfully-assessed or erroneously paid FICA taxes, interest thereon, and the Defendant's responsibility for fees and costs—are readily determinable from tax records in the possession of the Defendant and readily available to the putative class member and the FICA Employers. A class action is the only economically viable method for fairly and efficiently adjudicating the controversy.

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.9**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

# FIRST CLAIM FOR RELIEF

*(Refund of Wrongfully Assessed or Erroneously Paid FICA Taxes)*

50. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 41.

51. Plaintiffs, and each of them, worked in the CNMI for one or more of the FICA employers during calendar tax years 2003, 2004, 2005, and 2006 and were paid wages for their services.

52. During one or more of said tax years, Plaintiffs, and each of them, had FICA Taxes withheld from their wages and paid by their respective employers to Defendant, through its Internal Revenue Service, in the amounts set forth below:

| Individual Plaintiff | Tax Year | FICA Taxes Paid |
|---|---|---|
| Xianli Zhang | 2003 | $902.85 |
|  | 2004 | $957.93 |
|  | 2005 | $814.86 |
| Guimin Lu | 2003 | $1,112 |
|  | 2004 | $1,183 |
|  | 2005 | $907 |
| Bao Hua He | 2003 | $703.97 |
|  | 2004 | $790.63 |
|  | 2005 | $627.36 |
| Baowei Ding | 2005 | $192.37 |
|  | 2006 | $974.25 |
| Jilin Hu | 2006 | $695.51 |

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.10**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

53. As grounds for recovery, each of the respective Plaintiffs incorporates by reference the averments contained in his or her Claims for Refund, Exhibits 1 through 5, hereto.

54. The assessment and collection of FICA taxes from each of the respective Plaintiffs for each of the tax periods described above were erroneous and illegal.

55. Each of the respective Plaintiffs is the sole owner of his or her Claims and has made no assignment thereof.

56. Each of the respective Plaintiffs is entitled to recover all FICA taxes paid to the Defendant on his or her wages paid during the respective tax periods described above, together with interest thereon at the applicable legal rates, and together with their attorney's fees, litigation expenses and court costs, as provided by law.

## SECOND CLAIM FOR RELIEF

*(Refund Class Claims)*

57. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 41.

58. The relationship of the Defendant and the CNMI is governed by the "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of American ("the Covenant"). The Covenant was approved by the United States Congress in P.L. 94-241, 90 Stat. 263 (1976), codified at 48 USC 1801. As amended by P.L. 98-213 prior to the effective date of Article 6 of the Covenant, Covenant sections 606(a) and 606(b) affirmatively exclude foreign, temporary contract workers who were not admitted to the CNMI for any purpose entitling them to permanent residence or citizenship from any benefit or burden under the social security laws of the United States, including the payment or withholding of FICA Taxes. This exclusion from both the benefits and the burdens of the U.S. social security laws is confirmed by Presidential Proclamation 5207 in 1984 and by other applicable laws.

59. Plaintiffs, and each of the Refund Class members, were lawfully admitted into the CNMI as foreign, temporary contract workers and had FICA taxes wrongfully assessed and

SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.
P.11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

erroneously deducted from their wages and paid to the United States during one or more of calendar years 2001 through 2007. The assessment, deduction, and payment of these FICA Taxes is affirmatively prohibited by at least Covenant §606(b), as amended by P.L. 98-213.

60. Plaintiffs are entitled to recover, for themselves and for the Refund Class members, the FICA Taxes withheld from their wages and paid to the United States, together with interest thereon at the applicable legal rates, and their attorney's fees and court costs as provided by law.

### THIRD CLAIM FOR RELIEF

*(Declaratory Judgment)*

61. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 46, and 58 through 60.

62. Plaintiffs are further entitled to a judgment and decree declaring (1) that foreign, temporary contract workers wages in the CNMI are not subject to the social security laws of the United States; and (2) that Federal Insurance Contribution Act and Medicare (FICA) payments are not owed by or properly assessed against the wages of foreign, temporary contract workers who were admitted to the CNMI and performed work there during all or any part of calendar years 2003 through 2007.

WHEREFORE, Plaintiffs pray for a judgment, decree and awards as follows:

(a) Certifying the Refund Class pursuant to FRCP 23(b)(1)(A), (B) and 23(b)(2);

(b) Granting judgment for each of the Plaintiffs in the amount of the FICA taxes withheld from their wages and paid to the Defendant during any calendar years between 2001 and 2007, together with prejudgment interest thereon at the statutory rates from the dates such taxes were paid to the Defendant, and attorney's fees, litigation expenses, and court costs as provided by law;

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.12**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

      (c)      Awarding the members of the Refund Class judgments on each of their respective claims in the amount of the FICA Taxes wrongfully withheld from them, prejudgment interest thereon from the date of payment to the United States, and attorney's fees, litigation expenses and court costs as provided by law;

      (d)      Declaring and adjudging declaring (1) that foreign, temporary contract workers wages in the CNMI are not subject to the social security laws of the United States; and (2) that Federal Insurance Contribution Act and Medicare (FICA) payments are not owed by or properly assessed against the wages of foreign, temporary contract workers who were admitted by the CNMI to perform work there during all or any part of calendar years 2003 through 2007; and

      (e)      Awarding such other legal and equitable relief as may be appropriate to compensate the class members and assure the effectuation of appropriate class relief.

DATED: July 29, 2008.

      Respectfully submitted,

      SCHWABE, WILLIAMSON & WYATT, P.C.

By:    s/ Marc K. Sellers
        Marc K. Sellers, OSB #79107
        (503) 222-9981
        Fax (503) 796-2900

**SECOND AMENDED COMPLAINT: ZHANG, ET AL V. U.S.**
**P.13**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/116731/156156/DWA/2525470.6

## INDEX OF EXHIBITS

Zhang Claims for Refund for tax years 2004, 2005 and 2006, as filed
    with the Internal Revenue Service .......................................................... Exhibit 1

Lu Claims for Refund for tax years 2003 2004, 2005 and 2006,
    as filed with the Internal Revenue Service ............................................. Exhibit 2

He Claims for Refund for tax years 2003, 2004 and 2005, as filed
    with the Internal Revenue Service .......................................................... Exhibit 3

Ding Claims for Refund for tax years 2005 and 2006, as filed
    with the Internal Revenue Service .......................................................... Exhibit 4

Hu Claim for Refund for the tax year 2006, as filed with the
    Internal Revenue Service ......................................................................... Exhibit 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981
PDX/116731/156156/DWA/2525470.6