**Claimant Name**          Zhang, Xian Li
**Social Security #**      ███████
**Client File No.**        _____


**EXHIBIT 1: FORM 843**
    Claim for Refund and Request for Abatement
        2003 ✓
        2004 ✓
        2005 ✓
        2006 ____


**EXHIBIT 2:** Copy of Passport
       Copy of Social Security Card


**EXHIBIT 3: FORM 2848**
    Power of Attorney and
    Declaration of Representation

EXHIBIT 1
Page 1

FICA # 00146

| Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service | **Claim for Refund and Request for Abatement** ▶ See separate instructions. | 586  49  7000 OMB No. 1545-0024 |

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.

**Do not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

**Type or print**

Name of claimant
Zhang, Xian Li

Address (number, street, and room or suite no.)
C/O Fallon Law Office, PMB 504, PO Box 10000

City or town, state, and ZIP code
Saipan, MP 96950

Your SSN or ITIN
[redacted]

(EIN)
00-0555555

Name and address shown on return if different from above

Daytime telephone number
( )

**1** Period. Prepare a separate Form 843 for each tax period
From  01 / 01 / 2003  to  12 / 31 / 2003

**2** Amount to be refunded or abated
$902.85

**3a** Type of tax, penalty, or addition to tax:
☒ Employment  ☐ Estate  ☐ Gift  ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706  ☐ 709  ☐ 940  ☒ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ _____

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

Attached opinion letter.

POSTMARK
0 4 1 6 2007

RECEIVED
0 4 1 8 2007
219
IRS - PHILA., PA

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

X 张宪丽 ZHANG XIAN LI    Date 4/11/13

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Signature

EXHIBIT 1
Page 2

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.  Cat. No. 10180R  Form **843** (Rev. 11-2005)

FICA # 00146

**Form 843**
(Rev. November 2005)
Department of the Treasury
Internal Revenue Service

**Claim for Refund and Request for Abatement**

▶ See separate instructions.

586  49  7000

OMB No. 1545-0024

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.

Do not use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name of claimant<br>**Zhang, Xian Li** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**C/O Fallon Law Office, PMB 504, PO Box 10000** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Saipan, MP 96950** | Employer identification number (EIN)<br>66-0533866 |
| Name and address shown on return if different from above | Daytime telephone number<br>( ) |

**1  Period.** Prepare a separate Form 843 for each tax period
From  01 / 01 /2004  to  12 / 31 /2004

**2  Amount to be refunded or abated**
$957.93

**3a** Type of tax, penalty, or addition to tax:
☒ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☒ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ _____

**5  Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

Attached opinion letter.

POSTMARK      RECEIVED

0 41 6 2007    0 41 8 2007

219
IRS - PHILA., PA

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

X 张宪丽 ZHANG XIAN LI                                          4/17/07  日期 Date
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Signature

**EXHIBIT 1**
Page 3

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 11-2005)

| Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service | Claim for Refund and Request for Abatement ▶ See separate instructions. | FICA # 00146 586  49  7000 OMB No. 1545-0024 |

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.
**Do not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name of claimant | Your [redacted] |
|---|---|
| Zhang, Xian Li | |
| Address (number, street, and room or suite no.) | Spo[redacted] |
| C/O Fallon Law Office, PMB 504, PO Box 10000 | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| Saipan, MP 96950 | 66-0533866 |
| Name and address shown on return if different from above | Daytime telephone number ( ) |

1   **Period.** Prepare a separate Form 843 for each tax period
    From 01 / 01 / 2005  to  12 / 31 / 2005
2   Amount to be refunded or abated $ 814.86

3a  Type of tax, penalty, or addition to tax:
    ☒ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
    ☐ Penalty—IRC section ▶ _____
b   Type of return filed (see instructions):
    ☐ 706  ☐ 709  ☐ 940  ☒ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

4a  Request for abatement or refund of:
    ☐ Interest as a result of IRS errors or delays.
    ☐ A penalty or addition to tax as a result of erroneous advice from the IRS.
b   Dates of payment ▶ _____

5   **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

    Attached opinion letter.

POSTMARK    RECEIVED
0 41 6 2007   0 41 8 2007
219
IRS - PHILA., PA

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

[Signature: 张贤利 ZHANG XIAN LI]   Date: 4/17/07

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 11-2005)

EXHIBIT 1
Page 4

**Form 2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

**Power of Attorney and Declaration of Representative**

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150
**For IRS Use Only**
Received by:
Name _____
Telephone _____
Function _____
Date __/__/__

## Part I  Power of Attorney

Caution: *Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| 姓名 ZHANG XIAY L<br>C/O Alexis Fallon, Fallon law offices<br>PMB 504, P.O. Box 10000<br>Saipan, MP 96950 | 社会福利特征<br>[redacted] | |
| | Daytime telephone number<br>( ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Alexis Fallon, ESQ.<br>PMB 504. P.O. Box 10000<br>Saipan, MP 96950 | CAF No. 0301-599341R<br>Telephone No. (670) 323-0061<br>Fax No. (670) 323-1061<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address | CAF No. ____<br>Telephone No. ____<br>Fax No. ____<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address | CAF No. ____<br>Telephone No. ____<br>Fax No. ____<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.)<br>or Civil Penalty (see the instructions for line 3) | Tax Form Number<br>(1040, 941, 720, etc.) | Year(s) or Period(s)<br>(see the instructions for line 3) |
|---|---|---|
| Income / excise tax | 1040, 843 | 2003, 2004, 2005, 2006 |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

· List any specific additions or deletions to the acts otherwise authorized in this power of attorney: _____

_____

_____

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ZXL and list the name of that representative below.
姓名第一个英文字母(L.Y)缩写

Name of representative to receive refund check(s) ▶ Alexis Fallon, Fallon law offices

For **Privacy Act and Paperwork Reduction Notice,** see page 4 of the instructions.   Cat. No. 11980J   Form **2848** (Rev. 3-2004)

**EXHIBIT 1**
Page 5

| | |
|---|---|
| 7 | **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2. |
| a | If you also want the second representative listed to receive a copy of notices and communications, check this box . . ▶ ☑ |
| b | If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . ▶ ☐ |
| 8 | **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . ▶ ☐ **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.** |
| 9 | **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer. |

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

签名 张 罴 丽                                                        11-21-06
_____                       _____      _____
           Signature                                                 Date 日期                           Title (if applicable)

数名字 ZHANG XIAY L/         ☐☐☐☐☐
(拼音)
_____   _____     _____
           Print Name              PIN Number            Print name of taxpayer from line 1 if other than individual

签名
_____                       _____      _____
           Signature                                                 Date 日期                           Title (if applicable)

                                   ☐☐☐☐☐
_____   _____
           Print Name              PIN Number

**Part II   Declaration of Representative**

**Caution:** Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.

Under penalties of perjury, I declare that:
- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  a **Attorney**—a member in good standing of the bar of the highest court of the jurisdiction shown below.
  b **Certified Public Accountant**—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  c **Enrolled Agent**—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  d **Officer**—a bona fide officer of the taxpayer's organization.
  e **Full-Time Employee**—a full-time employee of the taxpayer.
  f **Family Member**—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  g **Enrolled Actuary**—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
  h **Unenrolled Return Preparer**—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | MA, CNM | Alexis Fallon | 11/21/06 |
| | | | |
| | | | |

中华人民共和国外交部请各国军政机关对持照人予以通行的便利和必要的协助。

*The Ministry of Foreign Affairs of the People's Republic of China requests all civil and military authorities of foreign countries to allow the bearer of this passport to pass freely and afford assistance in case of need.*

签发日期 1999 年 11 月 13 日
Date of issue 13 NOV 1999

签发地点 吉林
Place of issue JILIN

| | | |
|---|---|---|
| P | CHN | 14 8401406 |

姓名 Name in full: 张宪丽 ZHANG XIANLI

性别 Sex: 女 F

身份 Profession: 职员 EMPLOYEE

婚姻状况 Marital status: 已婚 MARRIED

出生日期 Date of birth: 1975.01.02 02 JAN 1975

出生地点 Place of birth: 吉林 JILIN

有效期至 Date of expiry: 2004.11.12

身份证号码 Identity card No. [redacted]

POCHNZHANG<<XIANLI<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<

14840140600CHN7501023F04111251920222 4<<<<<<02

CNMI Office of the Attorney General
Division of Immigration
ENTRY PERMIT

XIANLI ZHANG
Citizenship: CHN Gender: F Island: SAIPAN
Emplyr: WINNERS CORPORATION
Occ: SEWING MACHINE OPERATOR
Class: 706K RENEWAL
Issue Date 11/30/2004 Exp. Date 08/07/2005
[redacted]

SOCIAL SECURITY
VALID FOR WORK ONLY
WITH INS AUTHORIZATION
[redacted]
XIANLI ZHANG
SIGNATURE

EXHIBIT 1
Page 7

## Form W-2CM — 2004

**DEPARTMENT OF FINANCE**
**DIVISION OF REVENUE AND TAXATION**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

Copy B — For Employee's Record

- a1. Federal ID number: 66-0533866
- a2. CNMI Tax ID number: 99-0009688
- a3. VOID: ☐
- b. Serial number: 000442
- g. Loc. code: 20
- h. Days out of CNMI: 00
- i. Cit. code: CN
- c. Employer's name, address, and ZIP code:
  WINNERS CORPORATION
  PPP-324, SAIPAN
  MP 96950
- j. SIC: 2300
- k. SOC: 7655
- l. Entry permit no.: 199894
- 1. Wages, tips, other compensation: 12,521.36
- 2a. Income tax withheld (Chap. 7): 179.77
- 2b. Local wage & salary tax withheld (Chap. 2): 530.94
- 3. Social security wages: 12,521.36
- 4. Social security tax withheld: 776.37
- d. Employee's social security number: [redacted]
- 5. Medicare wages and tips: 12,521.36
- 6. Medicare tax withheld: 181.56
- e. Employee's first name and initial / Last name: XIANLI ZHANG
- 7. Social security tips:
- 8. Allocated tips:
- f. Employee's address and ZIP code:
  WINNERS CORPORATION
  PPP-324, SAIPAN
  MP 96950
- 9. Advance EIC payment:
- 10. Dependent care benefits:
- 11. Nonqualified plans:
- 12a–12d:
- 13. Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☐
- 14a. Other:
- 14b.

## Form W-2CM — 2005

**DEPARTMENT OF FINANCE**
**DIVISION OF REVENUE AND TAXATION**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

Copy B — For Employee's Record

- a1. Federal ID number: 66-0533866
- a2. CNMI Tax ID number: 99-0009688
- a3. VOID: ☐
- b. Serial number: 00728
- g. Loc. code: 20
- h. Days out of CNMI: 00
- i. Cit. code: CN
- c. Employer's name, address, and ZIP code:
  WINNERS CORPORATION
  SPS #955 P.O. BOX 10006
  SAIPAN, MP 96950
- j. SIC: 2300
- k. SOC: 7655
- l. Entry permit no.: 199894
- 1. Wages, tips, other compensation: 10,651.06
- 2a. Income tax withheld (Chap. 7): 9.55
- 2b. Local wage & salary tax withheld (Chap. 2): 420.08
- 3. Social security wages: 10,651.06
- 4. Social security tax withheld: 660.42
- d. Employee's social security number: [redacted]
- 5. Medicare wages and tips: 10,651.06
- 6. Medicare tax withheld: 154.44
- e. Employee's first name and initial / Last name: Xianli Zhang
- 7. Social security tips:
- 8. Allocated tips:
- f. Employee's address and ZIP code:
  WINNERS CORPORATION
  SPS #955 P.O. BOX 10006
  SAIPAN, MP 96950
- 9. Advance EIC payment:
- 10. Dependent care benefits:
- 11. Nonqualified plans:
- 13. Statutory Employee ☐  Retirement plan ☐  Third-party sick pay ☐
- 14a. Other:
- 14b.

EXHIBIT 1
Page 8

1806

# Form W-2CM — 2003 Wage and Tax Statement

**DEPARTMENT OF FINANCE**
**DIVISION OF REVENUE AND TAXATION**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

**Copy C — For Employer's Record**

| Field | Value |
|---|---|
| a1. Federal ID number | 55-0XXXXX |
| a2. CNMI Tax ID number | 55-0XXXXX |
| a3. VOID | ☐ |
| b. Serial number | 000448 |
| c. Employer's name, address, and ZIP code | WINNERS CORPORATION, PMB-324, SAIPAN, MP 96950 |
| d. Employee number | (redacted) |
| e. Employee's first name and initial / Last name | XIAN I ZHANG |
| f. Employee's address and ZIP code | PMB-324, SAIPAN, MP 96950 |
| g. Loc. code | 20 |
| h. Days out of CNMI | 00 |
| i. Cit. code | CN |
| j. SIC | 2300 |
| k. SOC | 7655 |
| l. Entry permit no. | 1998934 |
| 1. Wages, tips, other compensation | 11,801.96 |
| 2a. Income tax withheld (Chap. 7) | 149.51 |
| 2b. Local wage & salary tax withheld (Chap. 2) | 468.56 |
| 3. Social security wages | 11,801.96 |
| 4. Social security tax withheld | 731.72 |
| 5. Medicare wages and tips | 11,801.96 |
| 6. Medicare tax withheld | 171.13 |
| 7. Social security tips | |
| 8. Allocated tips | |
| 9. Advance EIC payment | |
| 10. Dependent care benefits | |
| 11. Nonqualified plans | |
| 12a–12d. See instructions for box 12 | |
| 13. Statutory employee / Retirement plan / Third-party sick pay | ☐ ☐ ☐ |
| 14a. Other | |
| 14b. | |

EXHIBIT 1  Page 9

# FALLON LAW OFFICE
PMB 504 P.O. BOX 10000
SAIPAN, MP     96950

ALEXIS FALLON, ESQ.
TEL: (670) 323-0061
FAX: (670) 323-1061
E-MAIL: ALEXISFALLON@USA.NET

April 17, 2007

Internal Revenue Service
11601 Roosevelt Blvd
Philadelphia, PA 19114
Dp N102
Att: J. McCandless

RE: FICA LEGAL OPINION FOR FORM 843

Dear Mr. McCandless,

Please note that this letter is to serve as the formal opinion letter attached to all of the Form 843 requests for refund of overpayment of the Federal Insurance Deposit Act contributions (FICA) that were sent by my office earlier this week. Each application contains a Form 843 for each tax year along with their identity and the relevant W-2's. In the Form 843 it references this Legal Opinion. If you could note that in your receipt of all the refund claims that this is the legal opinion so referenced.

A.    PROCEDURAL POSTURE

   1.    All applicants have filed a Form 843 for each tax year.

   2.    All applicants have attached their W-2 forms to their respective Form 843s to the extent that it is in their possession.

   3.    To the extent that the IRS desires to know their filing status for income tax purposes, the client will provide this data on request, or alternatively, the IRS can contact the CNMI Division of Revenue and Taxation and request verification of filing.

   4.    None of the applicants have filed U.S. income tax returns. Rather, all applicants filed income tax returns with the CNMI Division of Revenue and Taxation as provided by IRC Section 935 and Covenant Section 601.

B.    FACTS

1

EXHIBIT 1
Page 10

All of the applicants are similarly situated with the same immigration status: Each applicant is a non U.S. Citizen that is a current or former CNMI contract worker. A Copy of the each applicant's passport has been attached to their refund claim.

All of the applicant were issued U.S. Social Security cards with the legend "Valid For Work Only With DHS Authorization" or "Valid For Work Only With INS Authorization." This legend requires the card holder to present a valid U.S. work visa to complete an employment eligibility "Form I-9." None of the applicants have successfully completed Form I-9.

### C.  SUMMARY OF POSITION

First and foremost, the geographic definition of FICA does not include the CNMI. This is directly contrary to how the United States Congress has applied FICA to all the other U.S. Possessions. Secondly, the IRS has never promulgated any regulations in regard to the applicability of FICA to the CNMI. There is scant regulatory guidance as to why the FICA tax should apply to the CNMI. The Covenant between the U.S. and the CNMI is clearly ambiguous with regard to the application of FICA to contract workers permitted to work only in the CNMI. It is clearly ambiguous because Congress never addressed the fundamental differences that exist between Guam and the CNMI. This ambiguity creates an impossibility of a self-executing provision of the Covenant.

### D.  LEGAL POSITION

#### 1. Application of Federal Insurance Contributions Act

The Federal Insurance Contribution Act (FICA), 26 U.S.C. §§ 3101-3127, supports the Federal program of Old-age, Survivors, Disability Insurance ("Social Security") and the Federal program of hospital insurance ("Medicare"). This tax is collected on services performed by an employee "within the United States." 26 U.S.C. § 3121(b). FICA obligates the employer to match any of its employee's FICA contributions. The term "United States" is specifically defined for this statute in Section 3121(e). The Section provides that:

> Section 3121(e) State, United States, and citizen.
>
> For purposes of this Chapter-
> (1) State. The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa.
> (2) United States. The term "United States" when used in the geographical sense includes the Commonwealth of Puerto Rico, the Virgin Islands, Guam and American Samoa.

The terms "State" and "United States" define the geography of the IRS' collection authority to administer the FICA tax. As a consequence of this definition, FICA applies by its own terms to the Virgin Islands, Guam, Puerto Rico and American Samoa and

"Social Security Taxes" (i.e. taxes imposed by FICA) and is therefore collected in those territories in the same manner as the States.

The Commonwealth of the Northern Mariana Islands ("CNMI") was never added to the definition of "the United States", or to the term "state" as found in Section 3121(e). Without clear Congressional action amending Section 3121 to include the CNMI in the definition of either state or geography sections, it creates an ambiguity. Unlike what occurred legislatively in the other U.S Territories, where there was clear legislative action. This omission is a significant distinction from the other Territories.

At this time, it would be prudent to review the enabling legislation making FICA applicable to the U.S. Territories. In every instance of the application to the territories (Puerto Rico, Virgin Islands, Guam and American Samoa), there was a Congressional act that specifically amended the Internal Revenue Code to apply FICA to those Territories.

When the U.S. Congress applied FICA to the Virgin Islands and Puerto Rico, it did so in the Revenue Act of 1950, Pub. L. No. 50-814. The House Committee Report to this Act stated:

> The House bill and Senate amendment both provided that, notwithstanding any other provision of law respecting taxation in the Virgin Islands or Puerto Rico, all taxes imposed by the Self-Employment Contributions Act <u>shall be collected by the Bureau of Internal Revenue under the direction of the Secretary of Treasury and shall be paid into the Treasury of United States as internal-revenue collections</u>. H. R. Committee Report H. R. 8920 (emphasis added).

With regards to Guam and American Samoa, U.S. Congress in Pub. L. No 86-778 Sec. 103, specifically amended section 202(i) of the Social Security Act by striking out "Puerto Rico or the Virgin Islands" and inserted in lieu thereof "the Commonwealth of Puerto Rico, the Virgin Islands, Guam and American Samoa." See also H.R. Rep.No. 2165, 86th Cong., 2d Sess. 18 (1960) (conference report)(Guam and American Samoa); and S. Rep.No. 1669, 81st Cong., 2d Sess. 17 & 292 (1950) (Puerto Rico and the Virgin Islands). All these amendments were eventually codified into what is today, IRC Section 3121(e).

As stated previously in the CNMI matter, the U.S. Congress has not taken any legislative action to amend the Internal Revenue Code, as Congress has done for Puerto Rico, American Samoa, Guam and the Virgin Islands. As for the argument of legislative oversight, such a position is incredulous as the U.S. Congress has amended IRC Section 3121 seventeen times since the passage of the Covenant in 1978. In 2003, P.L. 108-121; in 2000, P.L. 106-554; in 1998, P.L. 105-206; in 1997, P.L. 105-61; in 1996, P.L. 104-188; in 1994, P.L. 103-387; in 1993, P.L. 103-178; in 1992, P.L. 102-572, in 1990, P.L. 101-508; in 1989, P.L. 101-239; in 1988, P.L. 100-647, in 1987, P.L. 99-514, in 1984, P.L. 98-369; and in 1983, P.L. 98-118. Congress had no fewer than seventeen opportunities to specifically include the CNMI in IRC Section 3121(e). However, in the

3

EXHIBIT 1
Page 12

same timeframe the U.S. Congress has amended other sections of the IRC to include the CNMI, for example IRC Sections 881, 931, 935 and 937.

### B. Effect of the Covenant to Establish a Commonwealth of Northern Mariana Islands in Political Union with the United States of America

The Commonwealth of the Northern Mariana Islands is unique among the U.S. insular possessions. As the terms of this political union were negotiated between the parties and ratified in a plebiscite, and subsequently approved by the Senate and the full U.S. Congress in Pub. L. No. 94-241, 90 stat. 263 (1976), codified at 48 U.S.C. §1801. This agreement is commonly known as the Covenant To Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant").

On November 3, 1986, with all of the terms of the Covenant in effect, the United States terminated the Trusteeship Agreement with a Presidential Proclamation. United States ex. rel. Richards v. Guerrero, 4 F.3d 749 (9th Cir. 1993). Currently, authority of the United States towards the CNMI arises solely from the Covenant. Hillbloom v. United States, 896 F.2d 426 (9th Cir. 1990). To further the goal of CNMI self-governance, Covenant Section 105 provides that certain provisions of the Covenant may only be modified with the joint consent of the U.S. and the CNMI. With regards to taxation, immigration and minimum wage, the Covenant may be amended by unilateral action of Congress, but only by specific reference to the relevant Covenant Sections.

#### i. Covenant Section 606(b) and the applicability of FICA

Covenant Section 606(b) provides that:

> Those laws of the United States which impose excise and self-employment taxes to support or which provide benefits from the United States Social Security System will on January 1 of the first calendar year following the termination of the Trusteeship Agreement or upon such earlier date as may be agreed to by the Government of the Northern Mariana Islands and the Government of the United States become applicable to the Northern Mariana Islands as they apply to Guam. [Incorporating amendments found in Pub. L. No. 98-213, § 9]

Under this Section, one of two possible conditions precedent must occur before Congress has the right to apply FICA laws to the CNMI. These conditions precedent were either (1) the termination of the Trusteeship or (2) by an agreement prior to the termination of the Trusteeship between the United States and the government of the Northern Mariana Islands. The language of Section 606(b) is conspicuous with the use of the word "will". This could be interpreted that Congress wished to create a self-executing provision for the application of FICA to the CNMI upon the occurrence of either of these events. Under this interpretation, when the Trusteeship over the CNMI was terminated on

4

EXHIBIT 1
Page 13

November 3, 1986, the laws that impose excise and self-employment taxes could then be imposed.

The central issue of this matter is whether Covenant Section 606 (b) was sufficiently clear to be self-executing, and even if this clause is found to be self-executing, did this clause encompass the significant differences that exist between Guam and the CNMI.

Arguably, to rely on Section 606(b) exclusively as providing sufficient legislative authority for the application of FICA to the CNMI is in direct conflict with the legislative history surrounding the application of FICA to the other U.S. Possessions. As stated previously, in every instance Congress specifically amended the applicable sections of the Internal Revenue Code to apply FICA to these areas. Even if this Covenant section provided sufficient legislative authority, it did not address the actual mechanics as to which Internal Revenue Code sections would apply and in what manner these sections would apply.

Moreover, Section 606(b) by itself does not amend the existing statutes that apply FICA to the CNMI. If it did, IRC Section 3121(e) would include the CNMI in the definition of "state" and "United States" in its laundry list. The Research Institute of America and other tax legal authorities have never referenced Covenant Section 606(b) as amending IRC Section 3121(e), because if they did so, they would have included the CNMI in Section 3121(e).

The phrase "as they apply to Guam" creates a latent ambiguity. Guam is not in charge of its own immigration. All of the contract workers who are in Guam obtain a U.S. Visa issued by the Department of Homeland Security (replacing the Immigration Naturalization Service (INS)). Unlike Guam, contract workers enter the CNMI enter on a CNMI Immigration visa. Due to this critical difference, the application of FICA to CNMI contract workers is at minimum questionable and more likely than not unsupportable with the present legislative statutes for the reasons stated below.

In 2004, the U.S. Social Security Administration (SSA) reversed its opinion of coverage of CNMI foreign contract workers. While the enabling language of the revised regulations states that this is the first time that U.S. Social Security has addressed the coverage issues of CNMI Foreign Contract workers it is in error. Attached hereto is an excerpt of the Van Cleve Memorandum[1], it this memorandum Ruth Van Cleve references "HHS advises informally that its regulations and guidelines treat national and citizens so that Samoans in the States would thereby be eligible. This section, however, has the effect of excluding the large alien population in the Northern Mariana Islands, where such aliens, who have entered the Northern Marianas for a temporary period for employment, are believed now to outnumber local residents. Because under the Covenant federal immigration laws do not apply to the Northern Mariana Islands, these workers are not aliens "lawfully admitted for permanent residence" as the phrase is used in federal law. They thus do not meet the statutory requirement, and alien temporary workers in the Northern Mariana Islands are therefore ineligible for SSI benefits. (citing HHS "…..in

---

[1] Ruth Van Cleve, Department of Interior Memorandum no. 42-3.

EXHIBIT 1
Page 14

order to be eligible for SSI, a non-citizen (or national) must be either (1) "Lawfully admitted ...for permanent residence" or (2) "permanently residing ...under the color of law" (other wise known as PRUCOL). However, [any] suggestion that admission of guest workers under the laws of the NMI would meet the first test is incorrect "lawful admission for a temporary period, no matter how long, does not satisfy this test.")

It is Congress' job to clarify the application of this tax and not the Agency's sole discretion to apply jurisdiction. This analysis reversed their prior decision in the SSI benefits area and is not considering the express exclusion of the CNMI from the Immigration Nationality Act found in the Covenant Section 503(a) where the Covenant excludes the application of INA Section 506.[2]

### ii. Without an explicit statutory amendment to IRC Section 3121(e), the Internal Revenue Service does not have any jurisdiction to enforce the collection of this tax on CNMI Contract workers who are not present in the United States and not authorized to work in the United States.

The territorial application of the FICA tax would, if IRC Section 3121(e) had been amended, satisfy in rem jurisdiction. Quite simply, without a specific amendment to IRC Section 3121(e), the IRS lacks in rem jurisdiction to enforce the collection of the tax against CNMI Contract Workers who are not present in the United States and not authorized to work in the United States. The IRS has exclusive administration authority over the Internal Revenue Code, as codified in Title 26. IRC Section 7801 provides that "except as otherwise provided by law, the administration and enforcement of this title shall be performed by or under the supervision of the Secretary of the Treasury." So failing explicit statutory authority of granting jurisdiction in rem, the secondary method of taxation is jurisdiction in personam.

With regards to possible in personam jurisdiction, there is no explicit statutory authority over persons in the CNMI. Typically, IRC Section 876 grants the IRS jurisdiction over resident aliens in U.S. possessions. For reasons stated below, IRC Section 876 is not applicable to the CNMI.

The Tax Reform Act of 1986 (TRA 1986) amended IRC Section 876 to provide that bona fide residents of Puerto Rico, Guam, American Samoa or CNMI would be taxed as resident aliens. However, Section 1277 (b) of the TRA 1986, P.L. 99-514[3], further

---

[2] Yang Bi Kei v. American Intern'l Knitters Corp., 789 F. Supp 1074 (D.N.Mar.I. 1992).

[3] Application of Oct. 22, 1986 amendments; special rules. Act Oct. 22, 1986, P.L. 99-514, Title XII, Subtitle G, § 1277, 100 Stat. 2600; Nov. 10, 1988, P.L. 100-647, Title I, § 1012(z), 102 Stat. 3530, provides:

> (a) In general. Except as otherwise provided in this Section, the amendments made by this subtitle [for full classification, consult USCS Tables volumes] shall apply to taxable years beginning after December 31, 1986.
> (b) Special rule for Guam, American Samoa, and the Northern Mariana Islands. The amendments made by this subtitle shall apply with respect to Guam, American Samoa, or the Northern Mariana Islands (and to residents thereof and corporations created or

6

EXHIBIT 1
Page 15

provided that "the amendments made by *this subtitle* shall apply with respect to Guam, American Samoa, or the Northern Mariana Islands (and to residents thereof and corporations created or organized therein) *only if* (and so long as) an implementing agreement under Section 1271 [note to this Section] is in effect between the United States and such possession." (Emphasis added.)

TRA 1986 Sections 1271, 1272, and 1277 are encompassed in TRA 1986 Title XII -- Foreign Tax Provisions, Subtitle G -- Tax Treatment of Possessions. TRA 1986 Sections 1271 and 1272 are in part I of subtitle G. Part I specifically addresses the "Treatment of Guam, American Samoa, and the Northern Mariana Islands." TRA 1986 Section 1271, does not appear in, or make any changes to the IRC. Rather, that provision grants Guam, American Samoa, and the CNMI, under certain conditions, the right to enact their own tax laws independent of the IRC with respect to income (1) from sources within, or effectively connected with the conduct of a trade or business within, the possession, or (2) received or accrued by a resident of the possession.[4] TRA 1986 Section 1271(b) makes that grant of authority applicable to Guam, American Samoa, or the CNMI provisional on the existence of an implementing agreement between the United States and such possession.[5]

TRA 1986 Section 1272 amends old Section 876 as well as other Code provisions not pertinent here. In TRA 1986 Section 1277(b), Congress makes the application of those amendments conditional on the existence of the required implementation agreement between the United States and the specified possession, but only as to Guam, American Samoa, and the CNMI, and the residents and corporations thereof.[6]

Therefore, the Tax Reform Act of 1986 rules coordinating United States and specified possessions (including CNMI) taxation generally apply to taxable years beginning after 1986, or as soon as the applicable possession agrees to cooperate with the United States in tax matters.[7] Consequently, as long as an implementing agreement is not signed between the United States and the CNMI, Section 876 of the Tax Reform Act of 1986 does not apply to the CNMI.

A careful review of the language of Covenant Section 606(b) will demonstrate that there is no conferment to the Internal Revenue Service for enforcement which would undermine the deference afford to U.S Treasury regarding promulgation of regulations. But U.S. Treasury has never promulgated regulations on this issue. The only regulations that have been proposed is by the Social Security Administration.

---

organized therein) only if (and so long as) an implementing agreement under Section 1271 is in effect between the United States and such possession.

26 USCS § 931 note.
[4] TRA 1986 sec. 1271(a).
[5] *Specking v. Comm'r*, 117 T.C. 95 (2001).
[6] *Id.*
[7] *Also See* Joint Committee on Taxation, Summary of H.R. 3838 (Tax Reform Act of 1986) as Reported by the Senate Committee on Finance (JCS-12-86), June 5, 1986.

7

EXHIBIT 1
Page 16

If there is an ambiguity as to the legislative language indicates, then in accordance with *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statue, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the questions for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. In *Cottage Savings Ass'n v. Commissioner*, 499 U.S. 554, 560-561, 113 L.Ed. 2d 589, 111 S. Ct. 1503 (1991), the Supreme Court conspicuously did not cite *Chevron* and appeared to apply the traditional rule of tax deference: "Because Congress had delegated to the Commissioner the power to promulgate 'all needful rules and regulations for the enforcement of the [Internal revenue Code], 26 U.S.C. § 7805(a), we must defer to his regulatory interpretations of the Code so long as they are reasonable." Id., at 560-61

Please note the enabling language in the application of FICA to Puerto Rico and the Virgin Islands where Congress was quite explicit in its conferment of authority of the U.S. Treasury to enforce and retain the collection of monies for FICA. The same is true for the amendments for Guam and American Samoa. The absence of an explicit conferment coupled with the failure of Covenant Section 606(b) to amend the relevant Internal Revenue Code sections, means the IRS does not have the requisite explicit jurisdictional authority to enforce the FICA tax as to the CNMI Contract Workers who are not admitted in the United States and are not authorized to work in the United States.

### iii. The Tax Status of CNMI Contract Workers

As stated previously, Covenant Section 606(b) contains ambiguous language that states that excise taxes and self-employment taxes will become applicable to the CNMI in the same manner as Guam. This language does not address the significant difference between the CNMI and Guam. As stated previously, the CNMI Government controls its own immigration. In fact, Social Security regulations prohibit the issuance of Social Security Cards for work without the satisfaction of Department of Homeland Security (replacing Immigration Naturalization Service) Visa permitting an individual to work. 20 CFR Section 422.104. Section 422.104 states, that an alien is eligible for a Social Security number where "An alien lawfully admitted to the United States for permanent residence or <u>under other authority of law permitting you to work in the United States</u> (§ 422.105 describes how we determine if a nonimmigrant alien is permitted to work in the United States)" 20 CFR 422.104(a)(2)[emphasis added].

In fact the Social Security Regulation creates a presumption of authority of a nonimmigrant alien to engage in employment if the individual alien provides a Form I-94. " ...[I]f your Form I-94 does not reflect a classification permitting work, you must submit a current document authorized by the Department of Homeland Security that verifies authorization to work has been granted e.g. an employment authorization

8

EXHIBIT 1
Page 17

document, to enable SSA to issue an SSN card that is valid for work." 20 C.F.R. 422.105(a).

Since the CNMI controls its own immigration policies, CNMI contract workers are not admitted into the United States for work purposes. Covenant Section 503 states that the immigration and naturalization laws are inapplicable to the Northern Mariana Islands.[8] From the plain meaning of Covenant 503, the only exceptions from the inapplicability of the Immigration Naturalization Act are those listed in Covenant Section 506. As you will note, there is no reference to the CNMI work visas issued to the alien contract workers being designated or approved by the INS. In Yang Bi Kei v. American International Knitters Corporation et. al., 789 F. Supp. 1074 (D.N.Mar.I. 1992), the U.S. District Court considered the issue of the immigration power of the CNMI. "Unlike any of the several States and Territories or Commonwealths, Congress has granted the CNMI authority over its own immigration."

Foreign contract workers enter into the CNMI on a CNMI work visa that does not provide them access to, nor the right to work in the United States. (See Memorandum of Agreement Between the U.S. Department of Interior, Office of Insular Affairs and the Commonwealth of the Northern Mariana Islands, signed September, 2003; see also Section 101(a)(38) of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(38)). So

---

[8] Covenant Section 506 states the following:

> (a) Notwithstanding the provisions of Subsection 503(a), upon the effective date of this Section the Northern Mariana Islands will be deemed to be a part of the United States under the Immigration and Nationality Act, as amended for the following purposes only, and the said Act will apply to the Northern Mariana Islands to the extent indicated in each of the following Subsections of this Section.
>
> (b) With respect to children born abroad to United States citizen or non-citizen national parents permanently residing in the Northern Mariana Islands the provisions of Section 301 and 308 of the said Act will apply.
>
> (c) With respect to aliens who are "immediate relatives" (as defined in Subsection 201(b) of the said Act) of United States citizens who are permanently residing in the Northern Mariana Islands all the provisions of the said Act will apply, commencing when a claim is made to entitlement to "immediate relative" status. A person who is certified by the Government of the Northern Mariana Islands both to have been a lawful permanent resident of the Northern Mariana Islands and to have had the "immediate relative" relationship denoted herein on the effective date of this Section will be presumed to have been admitted to the United States for lawful permanent residence as of that date without the requirement of any of the usual procedures set forth in the said Act. For the purposes of the requirements of judicial naturalization, the Northern Mariana Islands will be deemed to constitute a State as defined in Subsection 101(a) paragraph (36) of the said Act. The Courts of record of the Northern Mariana Islands and the District Court for the Northern Mariana Islands will be included among the courts specified in Subsection 310(a) of the said Act and will have jurisdiction to naturalize persons who become eligible under this Section and who reside within their respective jurisdictions.
>
> (d) With respect to persons who will become citizens or nationals of the United States under Article III of this Covenant or under this Section the loss of nationality provisions of the said Act will apply.

EXHIBIT 1
Page 18

while Social Security has been issuing cards to CNMI Contract Workers, it does so with the following admonishment stamped upon the cards, "Valid for Work Only with DHS [formerly INS] Authorization". This stamp is on every single card issued to CNMI Contract workers. The very face of the Social Security Card upholds this analysis that working in the CNMI is not working in the United States. See Evidence Requirements 20 C.F.R. 422.107. Section 422.107 states clearly the need for DHS work visas that will allow for the issuance of a Social Security Card for an alien. None of the Social Security regulations acknowledge that the issuance of CNMI work visas satisfies the prerequisites for obtaining a right to work and pay Social Security Tax in the United States. The absence of regulations is the result of Congressional failure to amend the Federal Insurance Contribution Act to include the CNMI and the application of the associated provisions of the Social Security Act.

The failure of the drafter's action in Pub. L. 98-213 (the Amendment to §606(b) of the Covenant), is that it created more confusion and did not provide definitive guidance to the treatment of persons who are admitted in the CNMI on work visas not issued by the Department of Homeland Security, but by the Commonwealth Department of Immigration. Moreover, while the amendment is reflective of Congressional intent with respect to the application of various social security taxes, it is not a specific amendment that is required for statutory construction in matters of taxation. At best, this section could be termed "tax by implication", which not only violates the U.S. Constitution, but also fails to provide the necessary statutory authority for the Internal Revenue Service to administer the tax.

E.    **CONCLUSION**

Based on the foregoing, the Covenant between the U.S. and the CNMI is clearly ambiguous with regard to the application of FICA to contract workers permitted to work only in the CNMI. This ambiguity coupled with Congressional failure to amend IRC Section 3121 to include the CNMI creates a reasonable basis for the refund requests for their respective FICA contributions.

This matter will be further addressed in other communications with the Internal Revenue Service and the Social Security Administration. Please be advised that this legal opinion covers all the applicants for a refund claims from this office as referenced in each Form 843 processed by this office.

Sincerely,

*Alexis Fallon*
Fallon Law Offices