IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 08-269 T
(Judge Christine O.C. Miller)

XIANLI ZHANG, GUIMIN LU, BAO HUA HE, BAOWEI DING,
and JILIN HU,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# ANSWER

The defendant, the United States, denies each of the allegations in the second amended complaint except those that are expressly admitted below. In further answer to the second amended complaint, the defendant:

1. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the second amended complaint.

2. Admits the allegations in paragraph 2 of the second amended complaint.

3. Denies the allegations in paragraph 3 of the second amended complaint; and states that the allegations require no response to the extent that they characterize this action.

4. Avers that this Court has jurisdiction only under 28 U.S.C. § 1491, to the extent jurisdiction exists.

5.-8. Avers that paragraphs 5 through 8 of the second amended complaint make legal arguments and assertions, which require no response.

9. Admits that the second amended complaint uses terms as defined in paragraph 9 of the complaint.

10. Admits that the plaintiffs bring this action individually, for themselves; but otherwise denies the allegations in paragraph 10 of the second amended complaint; and states that the allegations require no response to the extent that they characterize this action or constitute legal argument.

11. Admits that the plaintiffs seek the return of certain sums; but otherwise denies the allegations in paragraph 11 of the second amended complaint.

12. Admits that plaintiff Xianli Zhang's social security number is the one set out in paragraph 12 of the second amended complaint; but states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13 of the second amended complaint; and admits the allegations in the second sentence.

14.-15. Avers that paragraphs 14 and 15 of the second amended complaint make legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

16. Denies that FICA taxes were wrongfully assessed and withheld; but otherwise admits the allegations in paragraph 16 of the second amended complaint.

17. Admits the allegations in paragraph 17 of the second amended complaint.

18. Admits that plaintiff Guimin Lu's social security number is the one set out in paragraph 18 of the second amended complaint; but states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

19. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 of the second amended complaint; and admits the allegations in the second sentence.

20.-21. Avers that paragraphs 20 and 21 of the second amended complaint make legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

22. Denies that FICA taxes were wrongfully assessed and withheld; but otherwise admits the allegations in paragraph 22 of the second amended complaint.

23. Admits the allegations in paragraph 23 of the second amended complaint.

24. Admits that plaintiff Bao Hua He's social security number is the one set out in paragraph 24 of the second amended complaint; but states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

25. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25 of the second amended complaint; and admits the allegations in the second sentence.

26.-27. Avers that paragraphs 26 and 27 of the second amended complaint make legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

28. Denies that FICA taxes were wrongfully assessed and withheld; but otherwise admits the allegations in paragraph 28 of the second amended complaint.

29. Admits the allegations in paragraph 29 of the second amended complaint.

30. Admits that plaintiff Baowei Ding's social security number is the one set out in paragraph 30 of the second amended complaint; but states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

31. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 31 of the second amended complaint; and admits the allegations in the second sentence.

32.-33. Avers that paragraphs 32 and 33 of the second amended complaint make legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

34. Denies that FICA taxes were wrongfully assessed and withheld; but otherwise admits the allegations in paragraph 34 of the second amended complaint.

35. Admits the allegations in paragraph 35 of the second amended complaint.

36. Admits that plaintiff Jilin Hu's social security number is the one set out in paragraph 36 of the second amended complaint; but states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

37. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 37 of the second amended complaint; and admits the allegations in the second sentence.

38.-39. Avers that paragraphs 38 and 39 of the second amended complaint make legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

40. Denies that FICA taxes were wrongfully assessed and withheld; but otherwise admits the allegations in paragraph 40 of the second amended complaint.

41. Admits the allegations in paragraph 41 of the second amended complaint.

42. Admits that paragraph 42 of the second amended complaint defines the term "FICA employers" in the manner stated.

43. Avers that paragraph 43 of the second amended complaint makes a legal assertion, which requires no response; and denies the allegations in the paragraph to the extent they could be construed as factual assertions.

44. Admits that the first sentence in paragraph 44 of the second amended complaint defines the phrase "Refund Class" as stated; avers that the second sentence states a legal argument, which requires no response; and states that the defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences.

45. Admits that it has refused to refund the amounts claimed; denies that any FICA taxes were wrongfully assessed or collected; and avers that paragraph 45 of the second amended complaint otherwise makes legal arguments, which require no response.

46.-47. Avers that paragraphs 46 and 47 of the second amended complaint make legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

48. Admits that it has refused to refund the amounts claimed; denies that any FICA taxes were wrongfully assessed or collected; and avers that paragraph 48 of the second amended complaint otherwise makes legal arguments, which require no response.

49. Avers that paragraph 49 of the second amended complaint makes legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

50. Restates and incorporates by reference the responses in paragraphs 1 through 41 of this answer.

51. Admits the allegations in paragraph 51 of the second amended complaint.

52. Avers that paragraph 52 of the second amended complaint omits the amounts of FICA tax withheld for Guimin Lu for 2006 and inaccurately states the amounts withheld for Guimin Lu for the years 2003, 2004, and 2005–which were $1,112.50, $1,183.20, and $906.65 respectively; avers that the paragraph inaccurately states the amount withheld for Jilin Hu for 2006, which was $695.61; but otherwise admits the allegations in this paragraph.

53. Admits that the plaintiffs incorporate into the second amended complaint the averments made in their claims for refund; but denies that those averments constitute grounds for recovery.

54. Avers that paragraph 54 of the second amended complaint makes legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

55. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the second amended complaint.

56. Denies the assertions in paragraph 56 of the second amended complaint.

57. Restates and incorporates by reference the responses in paragraphs 1 through 41 of this answer.

58. Avers that paragraph 58 of the second amended complaint makes legal arguments and assertions, which require no response; but denies the allegations to the extent they could be construed as assertions of fact.

59. Denies that FICA taxes were wrongfully assessed and erroneously deducted; states that it knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 55 of the second amended complaint; and avers that the second sentence raises legal arguments and assertions, which require no response, but denies the allegations in the second sentence to the extent they could be construed as assertions of fact.

60. Denies the assertions in paragraph 60 of the second amended complaint.

61. Restates and incorporates by reference the responses in paragraphs 1 through 46 and 58 through 60 of this answer.

62. Denies the assertions in paragraph 62 of the second amended complaint.

NEW MATTER

63. This Court lacks jurisdiction to award the declaratory relief the plaintiffs demand.

64. The plaintiffs have failed to comply with Treasury Regulation (26 C.F.R.) § 31.6402(a)-2(b)(2), which generally requires employees who claim refunds of FICA taxes to submit with their claims a statement from their employer setting forth (a) the extent, if any, to which the employer has reimbursed the employee for the FICA overpayment; and (b) the amount, if any, of credit or refund of the overpayment claimed by the employer or authorized by the

employee to be claimed by the employer. The employee must also submit with the claim a statement setting forth whether the employee has taken the amount of the FICA overcollection into account in claiming a credit against, or refund of, the employee's income tax.

64. This Court may certify a class only by order after a motion that the parties have briefed. The second amended complaint improperly pleads reasons for certifying a class. If, however, the Court considers the reasons the plaintiffs have offered, the defendant adds to the contrary that:

a. The Court of Federal Claims is the only venue for the tax-refund suits of nonresident aliens; therefore there is no possibility of inconsistent adjudication, and class certification is improper.

b. Before the Court can take jurisdiction of any individual's claim, that individual must demonstrate timely filing of that individual's own claim for refund. Therefore class certification is improper.

c. Before employees may collect any refund of FICA taxes, each employee must submit the statement described in paragraph 63, *supra*, concerning that individual's separate agreement with that individual's own employer and that individual's possible claim for credit of FICA taxes against that individual's own income-tax liability. Therefore, class certification is improper.

d. The named plaintiffs all claim to be citizens of the People's Republic of China (China). Those plaintiffs could not vindicate the rights of proposed class members who are nationals of countries that have entered tax treaties with the United States

providing benefits not available to citizens of China. Therefore, class certification is improper.

WHEREFORE the defendant asks the Court to dismiss the second amended complaint with prejudice.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440
Robert.C.Stoddart@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
STEVEN I. FRAHM
Acting Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer, Court of Federal Claims Section

s/ G. Robson Stewart

August 12, 2008